UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:20-cv-61892

| | |
|---|---|
| NICHOLE MENDEZ, on behalf of herself and others similarly situated, | Class Action |
| Plaintiff, | Jury Trial Demanded |
| vs. | **COMPLAINT** |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC, | |
| Defendant. | |

**Nature of the Action**

1. Nichole Mendez ("Plaintiff") brings this class action against Healthcare Revenue Recovery Group, LLC ("HRRG") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

   It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

   (A)   to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

   *****

   (iii)  to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and belief, HRRG routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an

artificial or prerecorded voice, without the prior express consent of the consumers, in that HRRG repeatedly delivers prerecorded voice messages to wrong or reassigned telephone numbers that do not belong to the intended recipients of the calls. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014) (explaining that only the current subscriber to a cellular telephone number can provide valid consent to receive calls made by an automatic telephone dialing system ("ATDS")); *Accord Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1166 (9th Cir. 2020) ("The principal question in this case is whether Credit One can escape liability under the TCPA because the party it intended to call (its customer) had given consent to be called, even though the party it actually called had not. Consistent with every circuit to have addressed this issue, we hold that this argument fails under the TCPA's text, most naturally read.").

4. Section 1692d of the FDCPA provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

5. Upon information and good faith belief, HRRG routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that it continues to place calls to consumers for the purpose of debt collection even after it was made aware, or should know, that it is placing calls to the wrong person and telephone number.

**Jurisdiction**

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as HRRG resides in this District, and as a substantial part of the events giving rise to this action occurred in this District.

**Parties**

8. Plaintiff is a natural person who at all relevant times resided in Amesbury, Massachusetts.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. HRRG is a debt collection company with principal offices located in Sunrise, Florida.

11. HRRG is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

12. HRRG uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. HRRG identifies itself as a debt collector in its communications with consumers, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. On its website, HRRG states: "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector."[1]

**Factual Allegations**

15. In an attempt to contact a third party unknown to Plaintiff for the purpose of attempting to collect a debt in default, HRRG delivered numerous prerecorded voice messages to cellular telephone number (978) XXX-4772—a number for which Plaintiff is the subscriber and customary user.

16. HRRG began placing calls Plaintiff's cellular telephone number in 2019, and the calls continued into 2020.

---

[1] https://www.healthcarerevenuerecoverygroup.com/ (last visited Sept. 16, 2020).

3

17. In connection with its calls to Plaintiff's cellular telephone number, HRRG delivered at least eight prerecorded—and materially identical—voice messages to Plaintiff's cellular telephone voice mail.

18. The prerecorded voice messages HRRG delivered to Plaintiff's cellular telephone voice mail stated:

> This is HRRG calling. Please return our call at 1-800-984-9115. HRRG is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please do not erase this message until you have returned our call at 1-800-984-9115. Visit us at hrrgcollections.com

19. Upon information and good faith belief, HRRG's records will identify each call it placed, and each prerecorded voice message it delivered, to Plaintiff's cellular telephone number.

20. HRRG placed calls to Plaintiff's cellular telephone number from telephone number (800) 984-9115, a number assigned to HRRG.[2]

21. HRRG placed each of its calls to Plaintiff's cellular telephone number in an effort to contact and collect a debt allegedly owed by a third party, unknown to Plaintiff, potentially named "Nikki Evans".

22. Plaintiff is not Nikki Evans, and does not know anyone named Nikki Evans.

23. At the time HRRG delivered its prerecorded voice messages to Plaintiff's cellular telephone, Plaintiff's voice mail greeting identified her as Nikki Mendez.

24. As a result, HRRG was on notice that it was calling and delivering prerecorded voice messages to Ms. Mendez, and not the person it intended to reach.

---

[2] https://www.healthcarerevenuerecoverygroup.com/contact-hrrg/ (last visited Sept. 16, 2020).

25. Despite knowing that it was placing calls and delivering prerecorded voice messages to the wrong person, HRRG continued to place calls and deliver prerecorded voice messages to Plaintiff's cellular telephone number.

26. On two occasions, Plaintiff called HRRG and explained that HRRG was calling the wrong number.

27. Upon information and good faith belief, HRRG utilizes a predictive dialer to place outbound collections calls.

28. A predictive dialer is a type of ATDS that has the capacity to store numbers to be called, and to dial such numbers automatically (even if the system must be turned on or triggered by a person).

29. HRRG did not have Plaintiff's prior express consent to place any calls, or deliver prerecorded voice messages, to her cellular telephone number.

30. Plaintiff never provided consent to HRRG to call her cellular telephone number.

31. Plaintiff never had any business relationship with HRRG.

32. Plaintiff did not have an account in collections with HRRG.

33. HRRG did not place any calls, or deliver any prerecorded voice messages, to Plaintiff's cellular telephone number for emergency purposes.

34. Upon information and good faith belief, HRRG placed its calls to Plaintiff's cellular telephone number, and delivered prerecorded voice messages to Plaintiff's cellular telephone, under its own free will.

35. Upon information and good faith belief, HRRG had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number.

36. Plaintiff suffered actual harm as a result HRRG's calls and prerecorded voice messages in that she suffered an invasion of privacy, an intrusion into her life, a private nuisance, and was forced to spend time listening to HRRG's prerecorded voice messages and attempting to get HRRG's calls and voice messages to stop.

37. Upon information and good faith belief, HRRG, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

## Class Action Allegations

38. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and two classes of similarly situated individuals as defined below:

### TCPA Class

> All persons and entities throughout the United States (1) to whom Healthcare Revenue Recovery Group, LLC placed, or caused to be placed, at least one call (2) directed to a number assigned to a cellular telephone service, by (3) using an artificial or prerecorded voice, (4) from September 17, 2016 through and including the date of class certification, (5) where the called party did not have an account with Healthcare Revenue Recovery Group, LLC.

### FDCPA Class

> All persons and entities throughout the United States (1) to whom Healthcare Revenue Recovery Group, LLC placed, or caused to be placed, calls, (2) from September 17, 2019 through and including the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after Healthcare Revenue Recovery Group, LLC was informed that it was calling the wrong person.

Excluded from the classes are HRRG, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which HRRG has or had a controlling interest.

39. The proposed classes are so numerous that, upon information and belief, joinder of all members is impracticable.

40. The exact number of members of the classes is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

41. The proposed classes are ascertainable because they are defined by reference to objective criteria.

42. In addition, and upon information and belief, the cellular telephone numbers of all members of the classes can be identified in business records maintained by HRRG and third parties.

43. HRRG "maintains a do not call list for consumers who request" that it stop calling.[3]

44. Plaintiff's claims are typical of the claims of the members of the classes because all of the class members' claims originate from the same conduct, practice and procedure on the part of HRRG, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

45. Like all members of the proposed TCPA Class, Plaintiff received prerecorded voice messages from HRRG, without her consent, in violation of 47 U.S.C. § 227.

46. Further, like all members of the proposed FDCPA Class, Plaintiff received telephone calls from HRRG in connection with the collection of a consumer debt that she did not owe, after HRRG was made aware that it was placing calls to the wrong person or telephone number.

47. Plaintiff will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.

---

[3] https://www.healthcarerevenuerecoverygroup.com/how-do-i-stop-the-phone-calls/ (last visited Sept. 16, 2020).

48. Plaintiff has no interests that are contrary to or in conflict with the members of the classes that she seeks to represent.

49. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

50. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

51. There will be little difficulty in the management of this action as a class action.

52. Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that HRRG has acted on grounds generally applicable to each class.

53. Among the issues of law and fact common to the classes are:

   a. HRRG violations of the TCPA as alleged in this class action complaint;

   b. HRRG violations of the FDCPA as alleged in this class action complaint;

   c. HRRG's use of artificial or prerecorded voice messages;

   d. HRRG's practice of delivering artificial or prerecorded voice messages to wrong or reassigned cellular telephone numbers;

   e. HRRG's practice of continuing to call consumers after being made aware it placed calls to the wrong number or wrong person;

   f. HRRG's status as a debt collector as defined by the FDCPA; and

   g. the availability of statutory damages.

54. Absent a class action, HRRG's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

55. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-54.

56. HRRG violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without her consent.

57. As a result of HRRG's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the TCPA Class are entitled to damages in an amount to be proven at trial.

### Count II: Violations of 15 U.S.C. § 1692d and § 1692d(5)

58. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-54.

59. HRRG violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of consumer debts.

60. HRRG violated 15 U.S.C. § 1692d(5) by causing Plaintiff's cellular telephone to ring repeatedly or continuously, and by leaving prerecorded voice messages on Plaintiff's cellular telephone repeatedly, with intent to annoy, abuse, or harass Plaintiff at the called number.

61. HRRG did so by repeatedly dialing Plaintiff's telephone number, and delivering artificial or prerecorded voice messages, after being made aware it was calling the wrong person.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that HRRG violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining HRRG from continuing to place calls to Plaintiff's cellular telephone number, from placing calls to consumers' cellular telephone numbers by using an artificial or prerecorded voice without the prior

express consent of the consumers, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Adjudging that HRRG violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5), and enjoining HRRG from further violations of 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5) with respect to Plaintiff and the other members of the FDCPA Class;

(d) Awarding Plaintiff and members of the TCPA Class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(e) Awarding Plaintiff and members of the FDCPA Class statutory damages pursuant to 15 U.S.C. § 1692k;

(f) Awarding Plaintiff and members of the classes their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure; and

(g) Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: September 17, 2020

*/s/ Michael L. Greenwald*
Michael L. Greenwald
Aaron D. Radbil
GREENWALD DAVIDSON RADBIL PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
(561) 826-5477
mgreenwald@gdrlawfirm.com
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes