UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

NICHOLE MENDEZ, *on behalf of herself and others similarly situated,*

Case No.: 0:20-cv-61892-WPD

Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY GROUP, LLC,

Defendant.
_____/

## DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, Healthcare Revenue Recovery Group, LLC ("Defendant" or "HRRG"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff, Nichole Mendez's Complaint, [DE 1], and states the following:

### Nature of the Action

1. Admitted to the extent of claims identifications under the provisions of the Telephone Consumer Protection Act ("TCPA") and Fair Debt Collection Practices Act ("FDCPA"). Otherwise denied; HRRG demands strict proof thereof.

2. Admitted to the extent that Section 227(b)(1)(A)(iii) of the TCPA is self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; otherwise denied.

3. Denied; Defendant demands strict proof thereof.

4. Admitted to the extent that Section 1692d of the FDCPA is self-evident in its entirety and thus denied as to any aspects or interpretations other than the plain full reading of correspondence; otherwise denied.

5. Denied; Defendant demands strict proof thereof.

### Jurisdiction

6. Admitted for purposes of jurisdiction; otherwise denied.

7. Admitted for purposes of venue only; otherwise denied.

### Parties

8. Admitted for purpose of jurisdiction and venue only; otherwise denied.

9. Unknown at this time; therefore denied.

10. Admitted for purpose of jurisdiction and venue only; otherwise denied.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted to the extent that the HRRG's website contains the required disclosure pursuant to Section 1692e(11); otherwise denied at this time.

### Factual Allegations

15. Unknown at this time; therefore, denied.

16. Unknown at this time; therefore, denied.

17. Unknown at this time; therefore, denied.

18. Unknown at this time; therefore, denied.

19. Unknown at this time; therefore, denied.

20. Unknown at this time; therefore, denied.

21. Unknown at this time; therefore, denied.

22. Unknown at this time; therefore, denied.

23. Unknown at this time; therefore, denied.

24. Unknown at this time; therefore, denied.

25. Unknown at this time; therefore, denied.

26. Unknown at this time; therefore, denied.

27. Denied.

28. Denied.

29. Unknown at this time; therefore, denied.

30. Unknown at this time; therefore, denied.

31. Unknown at this time; therefore, denied.

32. Unknown at this time; therefore, denied.

33. Admitted to the extent that HRRG does not place telephone calls which would be deemed "emergency" as defined by the TCPA; otherwise, denied. Defendant demands strict proof thereof.

34. Unknown at this time; therefore, denied.

35. Unknown at this time; therefore, denied.

36. Unknown at this time; therefore, denied. Defendant demands strict proof thereof.

37. Denied; Defendant demands strict proof thereof.

### Class Action Allegations

38. Denied; Defendant demands strict proof thereof.

39. Denied; Defendant demands strict proof thereof.

40. Denied; Defendant demands strict proof thereof.

41. Denied; Defendant demands strict proof thereof.

42. Denied; Defendant demands strict proof thereof.

43. Denied; Defendant demands strict proof thereof.

44. Denied; Defendant demands strict proof thereof.

45. Denied; Defendant demands strict proof thereof.

46. Denied; Defendant demands strict proof thereof.

47. Denied; Defendant demands strict proof thereof.

48. Denied; Defendant demands strict proof thereof.

49. Denied; Defendant demands strict proof thereof.

50. Denied; Defendant demands strict proof thereof.

51. Denied; Defendant demands strict proof thereof.

52. Denied; Defendant demands strict proof thereof.

53. Denied as to each part and subpart; defendant demands strict proof thereof.

54. Denied; Defendant demands strict proof thereof.

## Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

55. Defendant re-asserts and incorporates its responses to the allegations contained in paragraphs 1–54.

56. Denied; Defendant demands strict proof thereof.

57. Denied; Defendant demands strict proof thereof.

## Count II: Violations of 15 U.S.C. § 1692d and § 1692d(5)

58. Defendant re-asserts and incorporates its responses to the allegations contained in paragraphs 1–57.

59. Denied; Defendant demands strict proof thereof.

60. Denied; Defendant demands strict proof thereof.

61. Denied; Defendant demands strict proof thereof.

## JURY DEMAND

Defendant demands trial by jury for any remaining issue following the determination of any dispositive motions.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents, or principals.

### Second Affirmative Defense

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing of the Complaint, such claims or allegations are barred by the statute of limitations under the Fair Debt Collection Practices Act ("FDCPA").

### Third Affirmative Defense

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to the Fair Debt Collection Practices Act, Section 1692d since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

### Fourth Affirmative Defense

Defendant affirmatively alleges that Defendant lacks the requisite intent under Section 1692d(5).

**Fifth Affirmative Defense**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

**Sixth Affirmative Defense**

Even assuming arguendo that HRRG violated the TCPA, as alleged in the Complaint, which presupposition HRRG denies, such violation was not intentional.

**Seventh Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed four (4) years from the date of filing the Complaint, such claims or allegations are barred by the statute of limitations under the Telephone Consumer Protection Act ("TCPA").

**Eighth Affirmative Defense**

Defendant affirmatively alleges that the telephone equipment utilized by the Defendant is **not** an "Automatic Telephone Dialing System" as defined by the TCPA in accordance with the holding of *Glasser v. Hilton Grand Vacation Co., LLC*, 948 F. 3d 1301, 1312–1313 (11th Cir. 2020).

**Ninth Affirmative Defense**

Defendant affirmatively alleges that HRRG had prior express consent to contact the Plaintiff as well as any other claimed individual as defined in the purported TCPA class.

**Tenth Affirmative Defense**

Defendant HRRG asserts that the U.S. Supreme Court's fractured decision in *Barr v. Am. Ass'n of Political Consultants (AAPC)*, 140 S. Ct. 2335, 207 L. Ed. 2d 784 (2020) amounts to an adjudication that the entirety of § 227(b)(1)(A)(iii) was unconstitutional from the moment

Congress enacted the offending government-debt exception to the moment the Court severed that exception to preserve the rest of the law in *AAPC* on July, 6, 2020, therefore Plaintiff's allegations of alleged violations of an unconstitutional law are not enforceable in federal court.  *Id.*

WHEREFORE, Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, request that this Court dismiss Plaintiff's Complaint, and that HRRG be awarded reasonable attorneys' fees and costs as provided for under applicable law.

Dated this **12th day of October, 2020.**

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
SKohlmyer@Shepardfirm.com
Florida Bar No.: 0101108
Leia V. Leitner
lleitner@shepardfirm.com
Florida Bar No.: 0105621
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, HRRG*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **October 14, 2020**, with the Clerk of the Court by using the electronic filing system. I further certify that the foregoing has been sent via electronic transmission to the following: Michael L. Greenwald, Esquire and Aaron D. Radbil, Esquire of Greenwald Davidson Radbil, PLLC at mgreenwald@gdrlawfirm.com and aradbil@gdrlawfirm.com *(Attorneys for Plaintiff)*.

*/s/_Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
SKohlmyer@Shepardfirm.com
Florida Bar No.: 0101108
Leia V. Leitner
lleitner@shepardfirm.com
Florida Bar No.: 0105621
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, HRRG*